UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                            98 CR 860 (SJ)

       -against-                                       MEMORANDUM
                                                                            AND ORDER

JAMES JOHNSON

                Defendant.
-------------------------------------------------------X

APPEARANCES:

Benton J. Campbell
UNITED STATES ATTORNEY
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
By:   Todd Harrison, Esq.
        Susan Corkery, Esq.
        Assistant United States Attorneys


FEDERAL DEFENDERS OF NEW YORK, INC.
16 Court Street - 3rd Floor
Brooklyn, New York 11241
By:   Michael D. Weil, Esq.

JOHNSON, Senior District Judge:

       Presently before the Court, is an Order (the "Order") issued by the

Second Circuit Court of Appeals which vacated and remanded this

Court's judgment in United States v. Johnson, No. 98-00860 (E.D.N.Y. April 21, 2006). Specifically, the Order requires this Court to "explain its decision specifically by reference to the factors of Section 3553(a), and elaborate on its findings regarding the availability and propriety of a downward departure." United States v. Johnson, 2008 U.S. App. LEXIS 8102 at *4, (April 15, 2008).

On February 12, 1998 defendant James Johnson (the "Defendant"), robbed the New Clarkson Luncheonette in Brooklyn. He fled the scene and was pursued by Mohamed Elbassiony, the store owner. The Defendant turned around and fired the handgun he was carrying. Mr. Elbassiony was struck in the stomach and died twelve days later.

The Defendant was tried and convicted of several offenses including causing the death of Mr. Elbassiony. At sentencing, the District Court Judge (Korman, J) determined that the shooting of Mr. Elbassiony was reckless and not intentional. He granted a one-level downward departure pursuant to U.S.S.G. §2A1.1, Application Note 2(b). He sentenced the Defendant to thirty years in prison. In support of the

2

departure, Judge Korman emphasized the youth of the accused, his lack of intent to kill, and the fact that if sentenced for the same crime in New York State Court, he would be eligible for parole in twenty-five years. The Court concluded that "a life sentence is too harsh under the circumstances." Transcript of Sentence before the Hon. Edward Korman, Tr at 23, <u>United States v. Johnson</u>, No. 98-00860 (EDNY July 14, 2000).

The Defendant appealed his conviction and it was reversed on Batson grounds. See <u>United States v. Thomas</u>, 320 F.3d 315 (2d Cir. 2003). The case was remanded and assigned to this Court. The Defendant was retried and was again convicted of killing Mohamed Elbassiony. Notwithstanding the thirty year sentence the Defendant received after his first conviction, this Court sentenced him to life in prison. The difference between the two cases is that in the first case, the District Court made a finding that the death of Mohamed Elbassiony was reckless, not intentional. In the instant case the issue of "intentional versus reckless" was resolved by the jury.

Count Eleven of Indictment 98-00860(S-3) charged:

"On or about February 12, 1998, within the Eastern District of New York, the defendants Ozem Thomas and James Johnson, together with others, in the course of a violation of Title 18, United States Code, Section 924 (c), to wit, the crime charged in Count Ten, knowingly and intentionally caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Codes, Section 1111(a), in that the defendants, with malice aforethought, did unlawfully kill Mohamed Elbassiony willfully, deliberately, maliciously, with premeditation and in the preparation of a robbery."

Application Note 2(b) therefore was inapplicable under these set of facts. In addition, when the Defendant shot and killed Mr. Elbassiony, he was on probation for a prior robbery. Par. 93, PSR (May 14, 2004).[1]

---

[1] The Order issued by the Second Circuit incorrectly states that "[p]rior to this crime spree, the [Defendant] had no criminal history." According to Defendant's Pre-sentence Investigation Report, "[l]ocal probation records reflect that on January 19, 1996 the defendant and nine other males surrounded a 15-year-old victim who was exiting an arcade. The defendant took $68 from the victim's hand, while others took the victim's backpack, hat, and jacket. . . .In a post-arrest statement, the defendant stated. . .that he had no motivation for his actions; rather he 'just did it.' In a victim impact statement, the victim advised that the defendant had a box cutter in his possession during the offense." See 98-CR-000860 Revised Presentence Investigation Report, May 14, 2004.

P-049

Among the factors to be considered when imposing a sentence, 18 U.S.C. §3553(a) requires exploration of, inter alia: the nature and circumstances of the offense and the history and characteristics of the Defendant, the need for the sentence imposed to reflect the seriousness of the offense, the kinds of sentences available and the kind of sentence and sentencing range established for the particular offense and the particular defendant. 18 U.S.C. §3553(a).

After careful and deliberate consideration of the factors found in 18 U.S.C. §3553(a), the availability and propriety of a downward departure, and all of the relevant facts and circumstances surrounding this case, this Court adheres to the previously imposed sentence of life imprisonment.

SO ORDERED.

Dated: September 15, 2008
Brooklyn, New York

s/Sterling Johnson, Jr.
_____
Senior United States District Judge

5

P-049