UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

United States of America,

— against —

James Johnson,

Defendant.

98-cr-860-7 (ARR)

**Not for print or electronic publication**

**Opinion and Order**

---

ROSS, United States District Judge:

On August 8, 2019, this court received a *pro se* letter from James Johnson stating that he "believe[s] [he is] eligible for a sentence reduction if not immediate release" pursuant to the Supreme Court's decision *United States v. Davis*, 139 S. Ct. 2319 (2019), and requesting that I appoint counsel to assist him with his claim. *See* Mot., ECF No. 499. As explained below, Johnson's sentence is not impacted by *Davis*, and thus his requests for a reduced sentence and appointed counsel are denied.

On October 13, 2011, I sentenced Johnson on the following counts: conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (count one); Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (count nine); unlawful use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (count ten); and murder through the use of a firearm, in violation of 18 U.S.C. § 924(j)(1) (count eleven). *See* Am. J. 1–2, ECF No. 450.[1]

---

[1] For a full procedural history of Johnson's case, see Def.'s Resentencing Letter 6–8, ECF No. 442.

1

There is no dispute that Johnson's § 924(c)(1) conviction was for possessing a gun during a Hobbs Act robbery. *See* Def.'s Resentencing Letter 3–4, 6, ECF No. 442.

Section 924(c) makes it a crime if "any person . . . during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or . . . possesses a firearm [in furtherance of any such crime]." 18 U.S.C. § 924(c)(1)(A). Until recently, the statute defined a "crime of violence" as "a felony" that either (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). I will refer to § 924(c)(3)(A) as the "force clause" and to § 924(c)(3)(B) as the "residual clause."

Johnson was sentenced under § 924(c)(1) for using a firearm during a Hobbs Act robbery. Although the Supreme Court recently struck down § 924(c)(3)'s residual clause as unconstitutionally vague in *United States v. Davis*, 139 S. Ct. at 2336, the Second Circuit, in *United States v. Hill*, held that Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)'s force clause, 890 F.3d 51, 56–60 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 844 (2019). Because *Hill* provides a clear legal basis for Brown's § 924(c)(1) conviction, *Davis* has no impact on Johnson's case.[2] Accordingly, Johnson's motion is denied.

SO ORDERED.

---

[2] While *Davis* appears to hold that conspiracy to commit Hobbs Act robbery is not a crime of violence under § 924(c)(3) (*see Davis*, 139 S. Ct. at 2325, 2336), this fact is irrelevant to petitioner's claim, as Hobbs Act robbery—not Hobbs Act robbery conspiracy—was the predicate crime of violence. I note also that Johnson's habeas petition was withdrawn on July 9, 2019 (*see* Order, ECF No. 498), presumably because counsel recognized that Johnson had no claim in light of *Hill*.

2

S/Allyne R. Ross
Allyne R. Ross
United States District Judge

Dated:    August 14, 2019
             Brooklyn, New York