UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

       Plaintiff,

      — against —

JAMES JOHNSON

       Defendant.

**98-cr-860 (ARR)**

**Not for print or electronic publication**

**Opinion & Order**

ROSS, United States District Judge:

Defendant James Johnson has moved, pursuant to 18 U.S.C. § 3582(c)(1)(A), for an order modifying his term of imprisonment because of his health conditions and family circumstances. The government opposes. For the reasons set forth below, Johnson's motion is denied without prejudice.

## BACKGROUND

Johnson is serving a sentence of 25 years' imprisonment on the following charges: conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); unlawful use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and murder through the use of a firearm, in violation of 18 U.S.C. § 924(j)(1). He is currently incarcerated at the Bureau of Prisons ("BOP") medium-security facility in Schuylkill, Pennsylvania ("FCI Schuylkill") and is scheduled to be released on April 28, 2023.

Johnson is 41 years old. In his letter to the court, he reported that he suffers from a heart murmur and high blood pressure. *See* Def.'s Mot. to Reduce Sentence, ("Def.'s Mot.) ECF No.

506. These medical conditions are corroborated by his prison health records; however the records generally indicate good health and the absence of significant health issues. *See* Govt.'s Mem. of Law in Opp. to Def.'s Mot. ("Govt. Opp.") 5, ECF No. 508. The records specifically note that Johnson has high blood pressure, but not hypertension. *Id.*

Johnson moves *pro se* for a reduction of his sentence and release from FCI Schuylkill. Def.'s Mot. His motion is based on his heart murmur and high blood pressure, as well as needing to take care of an elderly mother and disabled sister. *Id.* The government opposes the motion. Govt. Opp. While Johnson does not explicitly discuss the effects of the COVID-19 pandemic, given the extent of that crisis nationwide, I will consider the associated risks as a factor in deciding the motion.

## DISCUSSION

The First Step Act allows prisoners to move for compassionate release from prison when "extraordinary and compelling reasons warrant" such release. 18 U.S.C. § 3582(c)(1)(A)(i). The statute reads:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i). Thus, there are four prerequisites to a court's granting compassionate release under the First Step Act. First, the defendant must have exhausted his administrative rights with the Bureau of Prisons ("BOP"). § 3582(c)(1)(A). Second, the court must find that

"extraordinary and compelling reasons warrant" release. § 3582(c)(1)(A)(i). Third, the court must consider the factors set forth in 18 U.S.C. § 3553(a). § 3582(c)(1)(A). Fourth, the court must find that release is consistent with the Sentencing Commission's policy statements. § 3582(c)(1)(A)(i).

It is unnecessary to analyze all four factors in this case because Johnson has plainly not demonstrated any extraordinary and compelling circumstances, the core required element of any claim for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission has issued a Policy Statement that defines "extraordinary and compelling reasons." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) ("USSG"); *see United States v. Ebbers*, No. (S4) 02-CR-1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020); *United States v. Bellamy*, No. 15-165(8) (JRT/LIB), 2019 WL 3340699, at *2 (D. Minn. July 25, 2019). Under this Policy Statement, "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness[.]" USSG § 1B1.13 cmt. n.1(A)(i). Alternatively, extraordinary and compelling medical reasons exist when "[t]he defendant is . . . suffering from a serious physical or medical condition, . . . suffering from a serious functional or cognitive impairment, or . . . experiencing deteriorating physical or mental health because of the aging process[.]" USSG § 1B1.13 cmt. n.1(A)(ii). Such a condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," and it must be one "from which [the defendant] is not expected to recover." *Id.* Further, extraordinary and compelling reasons may instead exist based on the defendant's advanced age—requiring that the defendant be at least sixty-five years old—or based on certain family circumstances. *Id.* cmt. n.1(B)–(C). Family circumstances constituting extraordinary circumstances are described as "the death or incapacitation of the caregiver of the defendant's minor…children" or "the incapacitation of the defendant's spouse…when the defendant would be the only available caregiver for the

3

spouse." *Id.* cmt. n.1(C)(i)–(ii). Finally, extraordinary and compelling reasons may exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists . . . an extraordinary and compelling reason other than, or in combination with," the other listed reasons in the Guideline. *Id.* cmt. n.1(D). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." *Id.* cmt. n.2.

This Policy Statement is "anachronistic" because it pre-dates the First Step Act itself. *Ebbers*, 2020 WL 91399, at *4. Some district courts have concluded that the court may make an "independent assessment" of whether "extraordinary and compelling reasons" for release are present, looking to the Policy Statement only for "guidance." *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019); *see also United States v. Young*, No. 2:00-cr-00002-1, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020) ("[T]he district courts themselves have the power to determine what constitute extraordinary and compelling reasons for compassionate release."). *But see Ebbers*, 2020 WL 91399, at *4 (deeming Policy Statement "helpful in defining a vague standard" and concluding that its "descriptions of 'extraordinary and compelling reasons' remain current.").

Johnson cites two reasons for compassionate release: first, his high blood pressure and heart murmur, and second, his need to care for his mother and sister. Neither constitutes an extraordinary or compelling reason.

Johnson's health conditions do not meet the standard of extraordinary or compelling circumstances, even in light of the COVID-19 pandemic. He has not demonstrated that his medical conditions are serious in that, for example, they significantly affect his functioning or threaten his life. *See* USSG § 1B1.13 n.1(A). COVID-19 poses a risk to the imprisoned population in general, but Johnson has presented me with no basis on which I can conclude that his particular risk is

exceptional. He is relatively young and his health conditions are not known to be pre-existing conditions that would place him at a heightened risk of suffering complications from COVID-19. *See United States v. Washington*, No. 14-CR-215, 2020 WL 1969301, at *4 (W.D.N.Y. Apr. 24, 2020) (finding no extraordinary and compelling reasons for release when defendant submitted no medical evidence showing that COVID-19 posed increased risk to him, despite presence of COVID-19 at defendant's facility); *United States v. D'Acunto*, No. 18 CR 14 (VM), 2020 WL 1904007, at *2 (S.D.N.Y. Apr. 16, 2020) (finding no extraordinary and compelling reasons for release when defendant did not argue that COVID-19 would exacerbate his underlying kidney disease or otherwise pose heightened risk to him); *United States v. Pinto-Thomaz*, No. 18-cr-579 (JSR), 2020 WL 1845875, at *2–3 (S.D.N.Y. Apr. 13, 2020) (recognizing that concerns about spread of COVID-19 in crowded prison were justified but finding no extraordinary and compelling reasons when defendants were "no different from a host of other prisoners" and absent evidence of widespread transmission in defendants' facilities); *United States v. Simmons*, No. 15 Cr. 445 (PAE), 2020 WL 1847863, at *1 (S.D.N.Y. Apr. 13, 2020) (finding no extraordinary and compelling reasons for release when defendant was not in high-risk category for COVID-19 and absent evidence that COVID-19 was present within defendant's facility).

Johnson has also not met his burden of demonstrating that his family circumstances warrant release. He makes a conclusory statement that his "presence is very much needed" to help his "elderly mother who takes care of [his] mentally challenged sister." Def.'s Mot.. This is not sufficient to meet his burden that he is facing an extraordinary family circumstance, which would typically require something similar to the death or incapacitation of a spouse or a child's caregiver. *See* USSG § 1B1.13 cmt. n.1(C)(i)–(ii).

**CONCLUSION**

For the reasons set forth above, Johnson's motion is denied without prejudice.

SO ORDERED.

Dated: May 4, 2020                                    _____/s/_____
      Brooklyn, NY                                    Allyne R. Ross
                                            United States District Judge